Guttman Oil Company and Kansas City Fire & Marine, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and William B. Miller, Respondents.

Argued February 2, 1981, before Judges WILKIN-SON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*David M. McCloskey, Will & Keisling,* for petitioners.

*John T. Olshock,* with him *Mark K. Wade, Patrono, Ceisler, Edwards & Pettit,* for respondent, William B. Miller.

OPINION BY JUDGE MACPHAIL, March 13, 1981:

William B. Miller (Claimant), a truck driver, sustained a work-related disabling injury on February 28, 1977. A notice of compensation payable was executed calling for a weekly disability benefit of $199.00. On February 5, 1979, Claimant's employer filed a petition for modification of the compensation agreement requesting a determination of partial disability benefits on the basis that the Claimant was no longer totally disabled.

At the hearing before the referee with both parties represented by counsel, it was stipulated that, prior

to his injury, Claimant worked four days per week, ten hours per day; that he was paid on an hourly basis at the rate of $60.30 per day; and that he has returned to work as a dispatcher with the same employer receiving a monthly salary of $693.08. At the hearing, the referee asked counsel if they only wanted him to determine what the average weekly wage was at the time of the injury. Counsel agreed that that was the issue to be resolved. The referee determined that the Claimant's average weekly wage was $241.20 and that the weekly disability rate for total disability was $160.80. On Claimant's appeal to the Workmen's Compensation Appeal Board (Board), the referee's decision was reversed. The Board found that the Claimant's average weekly pre-injury wage was $301.50 and that the compensation rate for total disability was $199.00 per week. This appeal followed.

Initially, it will be observed, as the employer has argued to us, that neither the referee nor the Board determined the rate of *partial* disability payments. Nevertheless, the issue framed by the employer in this appeal is whether the Board erred when it used a formula different from that of the referee in calculating Claimant's average weekly wage. Accordingly, we will limit our discussion to that issue.[1]

At issue is the application of Section 309(e) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §582(e) which reads in pertinent part as follows:

If under clauses (a), (b), (c), (d) and (e) of this section, the amount determined is less than if computed as follows, this computation shall apply, viz.: Divide the total wages earned by the employe during the last two completed cal-

---

[1] R.A.P. 2116(a) provides in pertinent part that "[O]rdinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby."

endar quarters with the same employer by the number of days he worked for such employer during such period multiplied by five.

The referee held that notwithstanding the provision in Section 309(e) that the employee's average daily wage should be multiplied by five to determine his average weekly wage, where the employee worked a four day week, the average weekly wage should be determined by using a multiple of four. The result then would be in accord with the actual facts. This is also the position of the employer.

The Board held, however, that since there was no ambiguous language in Section 309(e), the multiple of five must be applied to the facts of the case even though the result may give the Claimant more than he would be entitled to receive using his actual work week of four days. The Board is correct.

In *Romig v. Champion Blower & Forge Co.,* 315 Pa. 97, 172 A. 293 (1934), the Supreme Court addressed a similar provision in the Act where the multiple set forth was five and a half. In *Romig,* the Claimant worked just two days per week prior to his injury. The Supreme Court held that notwithstanding that fact, the multiple of five and a half was mandatory. Chief Justice FRAZER writing for a unanimous Court said

> We are of opinion, after full consideration of the question, that the five and a half day week was intended by the legislature to be the method by which compensation payments are to be fixed, based upon the daily wage. If this method of computation is not applied, injustice and inequalities between employees in the same establishment must result, and there will be no standard of measurement except the number of days worked in the week of the accident.

315 Pa. at 104, 172 A. at 296.

In 1 Barbieri, Pennsylvania Workmen's Compensation §§5.38(7) and 5.38(8) (1975), Judge BARBIERI discusses the anomalous results reached by the literal application of Section 309(e) of the Act, but concludes that *Romig* is dispositive of the issue.

It is true, as the employer contends here, that fixing the Claimant's average weekly wage at $301.50 when he actually received only $241.20 may result in the Claimant receiving partial disability benefits greater than the maximum permitted under Section 306(b) of the Act.[2] Even if that is the case, the litigants and this Court are bound by the provisions of Section 309(e) as interpreted by the Supreme Court. As was said in *Romig,* "We must take the law as we find it and apply the rules there set forth." 315 Pa. at 103, 172 A. at 295. The apparent inequities must be remedied by the legislature, not this Court.

## ORDER

AND Now, this 13th day of March, 1981, the order of the Workmen's Compensation Appeal Board, dated December 10, 1979, at Docket No. A-77432 is affirmed.

---

[2] The pertinent language of Section 306(b) of the Act reads

For disability partial in character . . . in no instance shall an employe receiving compensation under this section receive more in compensation and wages combined than a fellow employe in employment similar to that in which the injured employe was engaged at the time of the injury.

77 P.S. §512.

In the instant case, where Claimant now receives a monthly salary of $693.08, his average weekly wage would be $159.94 as determined by the formula set forth in Section 309(b) of the Act, 77 P.S. §582. The difference between Claimant's post-injury wage of $159.94 and his weekly wage calculated under Section 309(e) of $301.50 would be $141.56. The maximum partial disability payable to the Claimant would be arrived at by multiplying $141.56 by 66 2/3% with the result being $94.37 per week. The employer contends that if the Claimant's actual pre-injury wages are used, the same calculations will give a maximum partial disability payable to the Claimant of $81.26 per week.